[2] When, therefore, the defendant appropriated the material in question belonging to the plaintiff, he did not do so under any provision in the contract, nor in reliance on the same. The appropriation by the defendant of the plaintiff's property was not pursuant to the terms of the contract, but was an independent act. He was not standing on the contract, but was departing therefrom. That such is the fact is further emphasized by the letter of Webber of August 22d, in which he inquired what the price of the material would be which was already delivered, and what the quantity and price would be of such as was not yet delivered. After receiving the plaintiff's answer as to the material which had been delivered and the total valuation thereof, the defendant proceeded to use a portion of it, and notified plaintiff to remove what was left. The defendant might have given the plaintiff written notice to furnish satisfactory labor within three days, and that in default thereof he would supply such labor himself, in which event, on the continued default of the plaintiff for three days, the defendant with his own labor might have used the materials in question in fulfillment of the contract. In such case he could have required an adjustment of the expense in accordance with the contract, and the only remedy of the plaintiff would have been on the contract. But according to the evidence the defendant was not relying on the written contract, but was proceeding independently of the same, as he also had a right to do. Under such circumstances we think the action was well brought on a quantum meruit, and that the nonsuit was erroneous.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(174 App. Div. 406)

PRIME et al. v. HUGHES et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. MECHANIC'S LIENS ⬤⟿271(1)—ENFORCEMENT—PLEADING—COMPLAINT.
    A mechanic's lien cannot be foreclosed under a complaint which fails to comply with Lien Law (Consol. Laws, c. 33) § 43, by stating whether any other action is pending to recover the lien debt.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 494; Dec. Dig. ⬤⟿271(1).]

2. JUDGMENT ⬤⟿252(1)—CONFORMITY TO PLEADING—PRAYER FOR RELIEF.
    A plaintiff is entitled to relief, irrespective of his prayer for judgment.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. ⬤⟿252(1).]

3. MECHANICS' LIENS ⬤⟿291(5)—ENFORCEMENT—FAILURE TO ESTABLISH LIEN —PERSONAL JUDGMENT.
    Although a complaint is insufficient to authorize foreclosure of a mechanic's lien, yet a personal judgment may be entered under it, although none is demanded, especially in view of Lien Law, § 54, which provides that the lienor may recover judgment, though he fails to establish a valid lien.
    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 603; Dec. Dig. ⬤⟿291(5).]

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
159 N.Y.S.—66

Action to foreclose mechanic's lien by Peter W. Prime and others, as administrators, against Mary A. Hughes and others. Order for judgment denying foreclosure, but allowing personal judgments.

See, also, 165 App. Div. 945, 150 N. Y. Supp. 1107.

The following is the opinion of Borst, J., at Trial Term:

The evidence sustains plaintiffs' contention that the work and materials, the value of which he seeks to recover in this action, were furnished by authority from defendant owner's duly authorized agent and were of the value claimed. She has had the benefit of this work and these materials and should pay therefor. Her counsel urges, however, that under the pleadings and proof in this action, plaintiff cannot have a recovery.

[1] The complaint is insufficient for a foreclosure of the liens, in that it does not state whether any other action has been brought to recover any part of the lien debt. Lien Law, § 43; Code of Civil Procedure, § 1629; Schwartz v. Klar, 144 App. Div. 37, 128 N. Y. Supp. 830. It is not necessary, therefore, to consider the other objections raised against plaintiff's right to have a foreclosure of his mechanic liens in this action.

The right to foreclose the liens failing, plaintiff, nevertheless, is entitled to personal judgment. The allegations of the complaint in each cause of action are sufficient for such judgment (Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572; Bradley and Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080; McDonald v. Mayor of New York, 113 App. Div. 625, 630, 99 N. Y. Supp. 122), the suggestion made by defendant's counsel that, no demand being made for a personal judgment, none could be granted, is without force.

[2, 3] Under our system of pleading, the plaintiff is entitled to any relief, irrespective of the prayer for judgment. Parker v. Pullman & Co., 36 App. Div. 208, 218, 56 N. Y. Supp. 734. Further the Lien Law, by section 54, provides that, if the lienor shall fail for any reason to establish a valid lien in an action under the provisions of that law, he may recover judgment therein for such sums as are due him, or which he might recover in an action on contract against any party to the action. Clearly this section is authority for a personal judgment, where sufficient facts are alleged in the complaint for that purpose, as in this case, and the proof establishes the necessary facts for such judgment.

A proposed decision may be prepared in accordance with these suggestions.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Fred M. La Duke, of Keeseville, for plaintiffs.

S. E. Maders, of Keeseville, for defendant Mary A. Hughes.

PER CURIAM. Judgment unanimously affirmed, with costs, on the opinion of Borst, J., at Trial Term.

---

(173 App. Div. 506)

## FLOWER v. BUCK.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. MASTER AND SERVANT ⬚256(1)—INJURIES TO SERVANT—ACTION—PLEADING.

The mere fact that plaintiff in an action for personal injuries alleged and proved that he filed a notice such as would be required under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) does not serve to bring his case within the statute, unless the facts pleaded are such as to give him the benefit of that act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 809; Dec. Dig. ⬚256(1).]

---

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes